UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**KEVIN J. MOORE,** individually, and
**KEVIN J. MOORE,** as personal representative of the
**ESTATE OF JULIE MOORE,** deceased.

    Plaintiffs,

v.                                                    Case No.
                                                     Hon.

**TRW AUTOMOTIVE U.S. LLC,** a Delaware limited
liability company, and
**ZF TRW AUTOMOTIVE HOLDINGS CORP.,** f/k/a
**TRW AUTOMOTIVE HOLDINGS CORP.,** a Delaware
corporation,

    Defendants.

---

## COMPLAINT

---

Plaintiffs, Kevin J. Moore and Kevin J. Moore, personal representative of the Estate of Julie Moore, deceased, by and through their attorney, Gregory S. Pierce, PLLC, for their Complaint against the Defendants, TRW Automotive U.S. LLC and ZF TRW Automotive Holdings Corp., f/k/a TRW Automotive Holdings Corp., state as follows:

### ANSWER TO COMPLAINT

### JURISDICTION AND VENUE

1.    Jurisdiction of this Employee Retirement Income Security Act ("ERISA"), and federal common law action for breach of an employee benefit plan and breach of fiduciary duty to recover life insurance benefits denied, costs, attorneys' fees and other damages is proper pursuant to ERISA §§ 502 (e)(1), (f), 29 U.S.C. §1132(e)(1), (f), and 28 U.S.C. 2201.

1

2.      Venue is proper in this district pursuant to ERISA §502(e)(2), 29 U.S.C. 1132(e)(2) because this is the district where the plan in question is administered, where the breach(es) took place, and/or where a defendant resides.

## PARTIES & ALLEGATIONS

3.      Defendants, TRW Automotive U.S. LLC and/or ZF TRW Automotive Holdings Corp., f/k/a TRW Automotive Holdings Corp. (collectively, "TRW") are a Delaware limited liability company and corporation, respectively, engaged in the automotive manufacturing supply industry with a principal office located in Livonia, Michigan.

4.      TRW operates and controls a welfare benefit plan, within the meaning of ERISA §3(1), 29 U.S.C. 1002(1), known as the TRW Automotive U.S. LLC Salaried Employees-Personal Choice Plan ("TRW Plan").

5.      The TRW Plan includes term life insurance called "TRW Automotive U.S. LLC Salaried Employees-Personal Choice Plan Employee Term Life Coverage" administered through Prudential Financial (hereinafter "Life Plan").

6.      From about 2003 until May 25, 2015 ("Termination Date"), Julie Moore ("Julie"), the decedent of Plaintiff, Kevin J. Moore, was a salaried employee of TRW.

7.      At all times relevant, Julie was a participant, within the meaning of ERISA §3(7), 29 U.S.C. 1002(7), in the TRW Plan, including the Life Plan.

8.      Plaintiff, Kevin J. Moore ("Kevin"), was the husband of Julie Moore and a beneficiary, within the meaning of ERISA §3(8), 29 U.S.C. 1002(8), of the TRW Plan, including the Life Plan.

9.      Julie died on October 12, 2017 after succumbing to a six-year battle with a terminal illness.

10. Before the Termination Date, TRW placed Julie on the TRW Plan's long-term disability plan and received benefits.

11. She continued to receive long-term disability benefits through the TRW Plan until her death.

12. After Julie's death, Kevin contacted TRW to learn the steps necessary to collect the death benefit under the Life Plan.

13. Representatives of TRW advised him that Julie was not a participant in the Life Plan because she had not filed certain papers after the Termination Date to continue coverage under the Life Plan.

14. TRW failed to provide sufficient and/or accurate information to enable Julie and Kevin to take the necessary steps to continue coverage under the Life Plan.

15. Kevin contacted the Life Plan administrator, Prudential Financial, to demand payment of the death benefit, but was denied for the reason that it had no record of Julie as a participant and Kevin as a beneficiary beyond the Termination Date.

16. Despite repeated demands by Kevin for Payment of the death benefit, TRW has refused to pay.

## Count I
### Action Under ERISA §502(a)(3), 29 USC 1132(a)(3), Breach of Fiduciary Duty

17. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

18. Under ERISA §404(a), 29 USC 1104(a), as fiduciary with respect to the TRW Plan, TRW has and had a duty to discharge its duties with respect to the TRW Plan solely in the interest of the TRW Plan participants and their beneficiaries:

(a) for the exclusive purpose of providing benefits to TRW Plan participants and their beneficiaries and defraying reasonable expenses of administering the TRW Plan;

(b) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; and

(c) in accordance with the TRW Plan documents and instruments insofar as such documents and instruments are consistent with the provisions of Titles I and IV of ERISA.

19. TRW's actions/omissions in discontinuing Julie as a participant and Kevin as a beneficiary of the Life Plan; its failure to give sufficient and accurate information to enable them to continue as participant and beneficiary of the Life Plan after the Termination Date and other actions and omissions were in violation of each and every one of its fiduciary duties.

20. As a direct result of these actions/omissions, Plaintiffs have suffered damages.

## Count II
### Action Under ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B)
### Recovery of Benefits

21. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

22. The failure to pay the death benefit is a direct violation of the TRW Plan, including the Life Plan.

23. As a direct result of these actions/omissions, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiff requests this Honorable Court grant the following relief:

a. declaratory judgment under ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B), and 28 USC 2201, declaring (i) that Plaintiff is entitled to payment of the death benefit in the proper amounts as set forth in the Life Plan of the TRW Plan in effect at the time the benefits became payable; (ii) that TRW violated the Plan and its fiduciary duties by refusing to pay the benefit; (iii) that TRW failed to provide accurate and sufficient information to permit Julie and Kevin to continue as participant and

beneficiary of the Life Plan after the Termination Date; and (iv) that TRW committed other actions and omissions in violation of ERISA and applicable law;

b. An order compelling Defendant to pay Plaintiff forthwith the full amount of the death benefits due, including interest on all unpaid benefits;

c. Reasonable attorney fees and costs, under ERISA §502(g)(1), 29 USC 1132(g)(1); and

d. Such other relief as may be just and appropriate.

Respectfully submitted,

By: /s/Gregory S. Pierce
Gregory S. Pierce (P45552)
Gregory S. Pierce, PLLC
14115 Farmington Road
Livonia, MI 48154
(248) 767-2400
gspierce@sbcglobal.net

Dated: July 12, 2018

5